July 18, 2022

United States District Court Clerk
55 Pleasant St., RM. 110
Concord, NH 03301

Civil Complaint
    Morris v. Bureau of Prisons, et. al.

Dear District Court Clerk,

    Please find enclosed my original and two copies of my civil complaint to be filed and submitted to the Court. Included is a check for the filing fee, if the filing fee has increased, please notify me immediately and I will submit the additional fee necessary.

    I do not have access to a Civil Cover Sheet, if one is required, please forward one to me and I will complete it and return it immediately.

    I would further request that the Defendants be served a copy of the complaint please.

    Thank you for your assistance and time, it is greatly appreciated and welcomed. I await notice of filing.

                                        Sincerely,

                                        Robert C. Morris
                                        Plaintiff Pro Se

                                        BOP [3] 34083-177

                                        Federal Correctional Institution
                                        PO Box 2000

                                        Joint Base MDL, NJ

                                                            08640


cc: file

FILED - USDC -NH
2022 JUL 21 PM 12:44

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

ROBERT C. MORRIS,
  Plaintiff      §

              §

v.

              §

BUREAU OF PRISONS,
  a.k.a. United States,   §    Case No._____

FCI-BERLIN,
  a.ka. United States,    §

F. ALBUT, CO FCI-BERLIN,   §
  in her official
  and individual capacity,  §
    Defendants

## CIVIL COMPLAINT

COMES NOW, Robert C. Morris, Plaintiff Pro Se, respectfully files and brings this civil complaint against the Defendants, pursuant to 42 USC§ 1983 and as a Bivens action for violation of the First, Fifth, and Eighth Amend||ents through Failure to Protect, Personal Injury, and Property Loss.

## I. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C.§ 1391.

2. This court is proper venue as the majority of omissions and events took place in Berlin, New Hampshire.

## II. JURY DEMAND

3.  The Plaintiff Morris wishes for a trial before a jury.

## III.  PARTIES

4.  The Plaintiff is Robert C. Morris, a prisoner presently and at all times during events, in the custody of the Federal Bureau of Prisons.  Morris is currently at FCI-FT. DIX, New Jersey.

5.  Plaintiff Morris is proceeding pro se at this time.

6.  The Defendant Bureau of Prisons, an agency of the Department of Justice of the United States of America, controls and operates the Federal Correctional Institution - Berlin in Berlin, New Hampshire.

7.  Defendant FCI-Berlin and any officials operate Federal Correctional Institution-Berlin (FCI-Berlin) in Berlin New Hampshire as a part of the Bureau of Prisons.  FCI-Berlin is located at 1 Success Loop, Berlin, New Hampshire.

8.  The Bureau of Prisons FCI-Berlin, and any parties in official capacity, are represented by the United States Attorney General's office.  The Bureau of Prisons can be served locally at U.S. Attorney's Office, 55 Pleasant St, Rm 352, Concord, NH 03301.

9.  Defendant F. Albut can be personally served at FCI-Berlin, 1 Success Loop, Berlin, New Hampshire.

## IV. INITIAL DISCLOSURE / DISCOVERY

10.  Plaintiff Morris requests Initial Disclosure be completed pursuant to Federal Rules of Civil Procedure 26(a) by date as ordered by the court.

11.  Plaintiff Morris requests Discovery period be scheduled and ordered by the

· 2 ·

Court pursuant to Federal Rules of Civil Procedure 26(b).

## V. EXHAUSTION OF REMEDIES

13. Plaintiff asserts he has exhausted his remedies for all claims presented through either the Federal Tort Claims Act Process or Administrative Remedies process.

## VI. FACTS

• CLAIM ONE: FAILURE TO PROTECT / PERSONAL INJURY

A. Undisputed Material Facts.

14. On March 26, 2021, Plaintiff Morris was in BOP custody and incarcerated at FCI-Berlin.

15. On March 26, 2021, Plaintiff Morris and his cellmate David Muise returned to their housing unit (B-2) at approximately 5:45 pm.

16. On March 26, 2021, Correctional Officer (CO) F. Albut was working B-2 housing unit.

17. Plaintiff Morris entered his cell (112) at approximately 5:46 pm, March 26, 2021, and began unpacking his work materials.

18. On March 26, 2021 at approximately 5:50 pm, Plaintiff's cellmate Muise entered the cell followed by two white gang member inmates, Michael Landan Lala and FNU Church.

19. Inmate Lala said, "It's time for you to go." and assaulted Muise by punching Muise in the face.

20. Inmate Church moved closer to Plaintiff Morris and assaulted Morris by punching Morris on left side of head.

• 3 •

21. Inmates Lala and Church continued to assault both Plaintiff Morris and Muise for several minutes.

22. Muise was able to escape the cell and hit the cell's emergency button. He was followed out of cell by Lala.

23. Inmate Church continued to assault Plaintiff Morris before Church exited the cell.

24. Plaintiff Morris regained consciousness to discover he was bleeding from the head.

25. Officers flooded B-2 unit to secure inmates in their cells.

26. Officers placed inmates Lala, Church, and Muise in handcuffs and escorted them to the Special Housing Unit (SHU).

27. Officer Bordean found Morris in his cell bleeding and immediately called Medical to the cell.

28. Morris was escorted to Medical by Medical Officer Ewalt, Officer Bordean, and LT. Tawes.

29. After receiving medical care to close up head lacerations, Plaintiff Morris was escorted to the SHU.

30. All events of March 26, 2021 were recorded electronically by either security camera footage, manually held video camera, still photographs, and investigation reports.

B. Questionable Material Facts.

I. BUREAU OF PRISONS

• 4 •

31. Plaintiff alleges the BOP has knowledge either written or unwritten as to institutions are "friendly" or "unfriendly" to certain persons.

32. Plaintiff alleges the BOP has information on various security threat groups or gangs - who are members, who are enemies, etc.

33. Plaintiff alleges the BOP fails to take STG / gang affiliation into consideration when designating inmates through the Designation and Sentencing Computation Center (DSCC) in Gran Prairie, Texas.

34. Plaintiff asserts the BOP systematically and knowingly places vulnerable inmates at institutions where their criminal offense or testimony makes them a target for potential harll.

    (i) Designating rival gang members at same institution.

    (ii) Designating at risk sex offenders to institution in general

    population.

35. Plaintiff asserts the BOP instituted new inmate discipline code 231 to prevent "checking paperwork".

36. Plaintiff asserts inmate discipline code 231 now encourages assault actions against vulnerable inmates.

37. Plaintiff alleges the BOP fails to protect sex offenders by allowing non-administrative personnel access to an inmate's criminal offense(s). This allows correctional officers to forgo duties to protect and allow and/or encourage attacks.

38. Plaintiff alleges the BOP's failure to protect has impacted significantly Plaintiff's ability to earn wages or money.

• 5 •

39. Plaintiff alleges the BOP's failure to protect has caused Plaintiff the loss of wages and money.

40. Plaintiff alleges the BOP's failure to protect has caused significant property loss to Plaintiff.

41. Plaintiff asserts the BOP's failure to protect caused significant vision problems resulting in Plaintiff currently being legally blind.

42. Plaintiff asserts FCI-Berlin officials had prior knowledge that white gang members were targeting sex offenders to remove them from institution.

43. Plaintiff asserts FCI-Berlin officials failed to take steps to stop or prevent targeting of sex offenders. (Example: At another institution, inmates signed "contracts".  Those who refused were shipped to another institution).

44. Plaintiff alleges FCI-Berlin officials had knowledge that inmate Lala was targeting sex offenders to remove from institution.

45. Plaintiff alleges inmate Lala and several other white gang members violated Inmate Discipline Code 231, in November/December 2020.

46. Plaintiff asserts that FCI-Berlin officials "shelved" disciplinary action against inmate Lala; meaning no sanctions.

47. Plaintiff expressed concerns to FCI-Berlin officials, namely Andrea Ferron, B-2 Case Manager, about the influx of white gang members and the potential danger to sex offenders, specifically Plaintiff and David Muise.

48. Plaintiff alleges FCI-Berlin's failure to protect has impacted significantly Plaintiff's ability to earn wages or money.

49. Plaintiff alleges FCI-Berlin's failure to protect has caused Plaintiff the loss of wages and money.

50. Plaintiff alleges FCI-Berlin's failure to protect has caused significant property loss to Plaintiff.

51. Plaintiff asserts FCI-Berlin's failure to protect caused significant vision problems resulting in Plaintiff currently being legally blind.

## II. F. Albut, Correctional Officer, FCI-Berlin

52. Plaintiff alleges CO Albut obtained Plaintiff's criminal offense from BOP computer access.

53. Plaintiff alleges CO Albut has a personal hatred towards sex offenders.

54. Plaintiff alleges CO Albut had a more than officer-inmate relationship with inmate Lala; not sexual, but favorable.

55. Plaintiff alleges CO Albut on March 26, 2021, had prior knowledge of pending assault on Plaintiff and Muise.

56. Plaintiff alleges CO Albut triggered body alarm prior to investigating emergency alarm in cell 112.

57. Plaintiff asserts CO Albut deviated from unit's normal routine of a safety check after admitting food service workers back into unit.

58. Plaintiff alleges CO Albut knowingly and purposely attempted to have Plaintiff assaulted in Special Housing Unit when she attempted to place Plaintiff with a known Mexican gang member.

59. Plaintiff alleges F. Albut's failure to protect has impacted significantly Plaintiff's ability to earn wages or money.

60. Plaintiff alleges F. Albut's failure to protect has caused Plaintiff the loss of wages and money.

· 7 ·

61.  Plaintiff alleges F. Albut's failure to protect has caused significant property loss to Plaintiff.

62.  Plaintiff asserts F. Albut's failure to protect caused significant vision problems resulting in Plaintiff currently being legally blind.

CLAIM TWO: PROPERTY LOSS

A.  UNDISPUTED MATERIAL FACTS

63.  As result of March 26, 2021 assault on Plaintiff Morris, he was placed in the Special Housing Unit at FCI-Berlin.

64.  On March 26, 2021, Lt. Tawes ordered CO F. Albut to secure Morris's cell.

65.  Plaintiff Morris' property was inventoried and "packed-out" on March 27, 2021 at approximately 1:00pm by CO Faiu Savage.

66.  CO Savage noted cell 112 was "found unsecured".

67.  Morris inventoried property on ____ - - ____ while in the SHU.

68.  Plaintiff Morris made list on forms of noticed missing property.

69.  Plaintiff Morris filed 3 Federal Tort Claims Act (FTCA) on October 27, 2021 to Northeast Regional Office.

70.  The BOP consolidated 3 claims into one claim for the amount of $62,511.

71.  The BOP further transferred claim to the Small Claims Department for resolution.

72.  On April 26, 2022, the BOP-Small Claims Department denied claim and stated there was no judicial review available.

73.  On May 23, 2022, Plaintiff filed for reconsideration of claim.

B.  QUESTIONS OF MATERIAL FACTS

74.  Plaintiff alleges FCI-Berlin Administration officials asserted their discretion by allowing inmates to store property outside of lockers.

75.  Plaintiff alleges FCI-Berlin Officials conducted weekly "sanitation" inspections of all housing units and cells.

76.  Plaintiff alleges FCI-Berlin Officials never issued any inmate discipline to Plaintiff, or any other inmate, regarding storage of property outside of locker.

77.  Plaintiff alleges Lt. Tawes instructed/ordered CO F. Albut to secure cell 112 on March 26, 2021 after assault because it was a crime scene and accordance with policy.

78.  Plaintiff alleges either CO F. Albut or another unnamed (at this time) Correctional Officer failed to secure and keep secured cell 112 until proper inventory and packing of property belonging to Plaintiff and Muise.

79.  Plaintiff alleges FCI-Berlin Officials recklessly and with negligence failed to follow established policy and procedure regarding property under their control.

80.  Plaintiff alleges the BOP systematically manipulates Federal Tort Claims Act to provide ability to deny claims.

81.  Plaintiff alleges BOP Program Statement 5580.09(4)(d) intentionally states that property claims filed under FTCA should be denied.

82.  Plaintiff alleges the BOP falsely implies that under Title 31 U.S.C.§ 3723 there is no judicial review; however, no such wording exists in statute.

• 9 •

83. Plaintiff alleges the BOP purposely transferred Plaintiff's FTCA to small claims to ensure denial of claim, the BOP conclusively knows any small claims is limited to $1,000, while Morris' claim was for $62,511.

84. Plaintiff alleges BOP systematically implemented Program Statement 5580.09 to intentionally deny access to Courts to review claims, as claims under FTCA are reviewable by Courts.

85. Plaintiff alleges BOP systematically denies due process under Program Statement 5580.09.

86. Morris alleges his locker was at all times locked before, during, and after the assault.

87. Plaintiff alleges the loss of personal property is direct result of Defendants' (BOP, FCI-Berlin and CO F. Albut) collective failure to protect Morris from Assault.

88. Plaintiff alleges the loss of property is a result of Defendants' (FCI-Berlin and F. Albut) failure to follow established BOP Policy and Procedure.

## VII. OTHER MATERIAL FACTS

89. Plaintiff asserts the following as loss Future Income And Expenses Due to Being Legally Blind as result of Failure to Protect and Assault of March 26,2021

    a. Plaintiff asserts he is a published author and intended to publish many titles in the future.

    b. Plaintiff asserts he is educated as a paralegal having prepared legal

proceedings in the past and intended to continue as a paralegal in the future.

c. Plaintiff asserts he owned his own business in the past and intended to continue with this business in the future.

90. Plaintiff asserts he was a licensed driver and intended to continue to drive in the future.

91. Plaintiff alleges due to vision issues/problems, he is legally blind and will not be able to participate or complete the previous two paragraphs as a result of injuries suffered from the failure to protect and medical negligence / deliberate indifference.

92. Plaintiff asserts that he will have to hire numerous assistants in the future to have any semblance of a quality life.

93. Plaintiff asserts current day to day suffering due to eye/vision problems from the Failure to Protect and Assault of March 26, 2021 in the following:
   a. Unable to see, read, write, and excercise;
   b. Sensitivity to any light;
   c. Severe headaches;
   d. Motion sickness; and
   e. Nausea / vomiting.

94. Plaintiff asserts he is suffering from the following due to the failure to protect and assault of March, 2021 that has caused blindness:
   a. depression
   b. frustration
   c. anxiety

d. helplessness / disparity.

## VIII.   CLAIMS / ALLEGATIONS

95.  Plaintiff claims Defendant Bureau of Prisons violated the Eighth Amendment of the United States Constitution under the Cruel and Unusual Punishment clause for the failure to Protect Plaintiff from assault.

96.  Plaintiff claims Defendant FCI-Berlin violated Morris' Eighth Amendment right to be free from Cruel and Unusual Punishment by failure to protect from assault.

97.  Plaintiff claims Defendant F. Albut violated Plaintiff's Eighth Amendment's Cruel and Unusual Punishment clause when she failed to protect Plaintiff from assault.

98.  Plaintiff claims Defendant F. Albut violated Plaintiff's Eighth Amendment's Cruel and Unusual Punishment clause by making personal choice to disregard prior knowledge of planned assault due to Defendant's hatred towards sex offenders.

99.  Plaintiff claims Defendant Bureau of Prisons violated Due Process Clause of the Fifth Amendment during improper processing of Federal Tort Claim filed by Plaintiff.

100. Plaintiff claims Defendant Bureau of Prisons violated the First Amendment Right of Access to Courts through falsely implying there was no judicial review of property claims based in statute.

101. Plaintiff claims Defendant Bureau of Prisons by the negligence or failure to protect caused Plaintiff to suffer personal injury, to wit: head trauma

and severe vision problems.

102. Plaintiff claims Defendant FCI-Berlin through negligence or failure to protect caused Plaintiff to suffer personal injury, to wit: head trauma and severe vision problems.

103. Plaintiff claims Defendant F. Albut through the negligence or failure to protect caused Plaintiff to suffer personal injury, to wit: head trauma and severe vision problems.

104. Plaintiff claims Defendant F. Albut through her personal negligence or failure to protect caused Plaintiff to suffer personal injury, to wit: head trauma and severe vision problems due to Albut's hatred of sex offenders.

105. Plaintiff claims Defendant FCI-Berlin's negligence in failure to protect caused Plaintiff to suffer loss of property.

106. Plaintiff claims Defendant F. Albut's negligence in failure to protect caused Plaintiff to suffer loss of property.

107. Plaintiff claims Defendant FCI-Berlin's reckless negligence in failure to follow proper procedures and protocol caused plaintiff's loss of property.

108. Plaintiff claims Defendant F. Albut's reckless negligence in failure to follow proper procedure and protocol caused Plaintiff's loss of property.

109. Plaintiff claims Defendants Bureau of Prisons, FCI-Berlin, and F. Albut reckless negligence has caused Plaintiff severe mental and emotional trauma and ongoing problems.

## IX.  DAMAGES

· 13 ·

THE PLAINTIFF SEEKS THE FOLLOWING IN RELIEF:

A.   Against Defendant Bureau of Prisons, a Court Order for BOP to immediately schedule and perform any and all necessary eye surgeries; or judgement for BOP to pay all medical expenses for surgeries if Plaintiff has them performed on his own;

B.   Against Defendant Bureau of Prisons for violation of Eighth Amendment Cruel and Unusual Punishment Clause for Failure to Protect, Nominal Damages in the amount of $1,000,000;

C.   Against Defendant FCI-Berlin for violation of Eighth Amendment Cruel and Unusual Punishment Clause for Failure to Protect, Nominal Damages in the amount of $1,000,000;

D.   Against Defendant F. Albut, in her individual capacity, for violation of Eighth Amendment Cruel and Unusual Punishment Clause for Failure to Protect, Nominal Damages in the amount of $1,000,000; severely;

E.   Against Defendant Bureau of Prisons for the systematic violation of the First Amendment Access to Courts Clause for denying judicial review of FTCA-small claims, Nominal Damages in the amount of $1,000,000;

F.   Against Defendant Bureau of Prisons for the systematic violation of the Fifth Amendment Due Process Clause for failure to inform of Reconsideration Process of FTCA-small claims, Nominal Damages, in the amount of $1,000,000;

G.   Against Defendant Bureau of Prisons for head trauma injury suffered during assault resulting from failure to protect, Compensatory damages in the amount of $500,000.

H.    Against Defendant FCI-Berlin for head trauma injury suffered during assault resulting from failure to protect, Compensatory Damages in the amount of $500,000;

I.    Against Defendant F. Albut, in her individual capacity, for head trauma injury suffered during assault resulting from failure to protect, Compensatory Damages in the amount of $500,000;

J.    Against Defendant Bureau of Prisons for eye/vision injuries suffered during assault from failure to protect, Compensatory Damages in the amount of $5,000,000;

K.    Against Defendant F. Albut, in her individual capacity, for eye/vision injuries suffered during assault resulting from failure to protect, Compensatory Damages in the amount of $5,000,000;

L.    Against Defendant Bureau of Prisons for property loss resulting from negligence, Compensatory Damages in the amount of $62,511; jointly and severely;

M.    Against Defendant FCI-Berlin for property loss resulting from negligence, Compensatory Damages in the amount of $62,511; jointly and severely;

N.    Against Defendant F. Albut, in her individual capacity, for property loss resulting from negligence, Compensatory Damages in the amount of $62,511; jointly and severely;

O.    Against Defendant Bureau of Prisons,income lost as result of failure to protect, Compensatory Damages in the amount of $2,500;

P.    Against Defendant F. Albut, in her individual capacity, income lost resulting from assault from failure to protect, Compensatory Damages in the amount of $2,500;

Q.   Against Defendant Bureau of Prisons, future income and expenses loss due to eye injuries received during assault resulting from failure to protect, Compensatory Damages in the amount of $10,000,000;

R.   Against Defendant F. Albut, in her individual capacity, future income and expenses loss due to eye injuries received during assault resulting from failure to protect, Compensatory Damages in the amount of $10,000,000;

S.   Against Defendant Bureau of Prisons for the mental and emotional injuries suffered resulting from the failure to protect, Compensatory Damages in the amount of $2,500,000;

T.   Against Defendant F. Albut, in her individual capacity, for mental and emotional injuries suffered resulting from failure to protect, Compensatory Damages in the amount of $2,500,000;

U.   Against Defendant Bureau of Prisons, Punitive Damages in the amount of $30,000,000;

V.   Against Defendant F. Albut, in her individual capacity, Punitive Damages in the amount of $30,000,000;

W.   Any and all Court Costs and Expenses;

X.   Any and all Legal Fees and Expenses;

Y.   Any and all Interest Deemed Reasonable by the Court; and any and all other Damages deemed necessary and proper by the Court;
IN THE INTEREST OF JUSTICE.

Respectfully Submitted,

Date: July 18, 2022

· 16 ·

Robert C. Morris

Plaintiff Pro Se

BOP# 34083-177

FCI-Ft. Dix · PO Box 2000

Joint Base MDL, NJ 08640

I, Robert C. Morris, BOP # 34083-177, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

SIGNED on this the 18th day of July, 2022.

Robert C. Morris
Plaintiff Pro Se

· 17 ·

Robert C. Morris # 34083-977
Federal Correctional Institution - FT. DIX
PO Box 2000 · Joint Base MDL, NJ
08640







PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 1810 0001 3771 5340



RETURN RECEIPT
REQUESTED

U.S. District Court Clerk
55 Pleasant St., RM. 110
Concord, NH
03301